IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ESMERALDA SOTO | § | |
| and ELIGIO ORTIZ, JR. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-00064 |
| | § | |
| JUAN CARLOS RUIZ FONSECA | § | (JURY DEMANDED) |
| and TRANSPORTES DE CARGA | § | |
| FEMA, S.A. DE C.V. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO EXCLUDE AND/OR LIMIT THE TESTIMONY OF PLAINTIFFS'
DESIGNATED EXPERT WITNESSES JANYNA MERCADO, Ph.D.
AND HECTOR MIRANDA-GRAJALES, M.D.**

TO THE HONORABLE COURT:

Plaintiffs Esmeralda Soto and Eligio Soto file this response to Defendants' motion to exclude and/or limit the testimony of Plaintiffs' designated expert witnesses Janyna Mercado, Ph.D. and Hector Miranda-Grajales, M.D. and show as follows:

### I.  SUMMARY OF CASE

This case arises out of an automobile collision which occurred on September 26, 2017, in which Defendant Juan Carlos Ruiz Fonseca, who was in the course and scope of his employment with Defendant Transportes de Carga Fema, attempted an improper U-turn immediately in front of the vehicle driven by Plaintiff Esmeralda Soto and caused a serious collision. Liability is not reasonably contested. Plaintiff Soto was

transported from the scene by ambulance and suffered serious injuries to her neck, back, shoulder, and brain. Her medical bills currently total in excess of $180,514.53.

Plaintiffs' have designated Janyna Mercado, Ph.D., a well-known and highly regarded neuropsychologist to assist the jury in understanding the cause, extent, and nature of the Mrs. Soto's traumatic brain injury and attendant cognitive impairment. Additionally, Plaintiffs' have designated Hector Miranda-Grajales, M.D., a practicing physician of physical medicine, rehabilitation and interventional pain management and a certified life care planner to assist the jury in understanding the cause, extent, and nature of Mrs. Soto's medical conditions as well as the anticipated costs of her future therapy.

Defendants assert that Dr. Mercado's testimony should be excluded in its entirety because she did not review the emergency room records of Mrs. Soto and that Dr. Miranda-Grajales testimony regarding traumatic brain injury and attendant cognitive impairment should be excluded as being based upon the findings of Dr. Mercado. Additionally, Defendants assert that Dr. Miranda-Grajales testimony regarding the cost of Mrs. Soto's anticipated future lumbar surgery should be excluded because Mrs. Soto's treating neurosurgeon has only opined that she "may" need the surgery.

What is unsaid in Defendants' motion is that Dr. Mercado and Dr. Miranda-Grajales have independently examined Mrs. Soto, and have based their opinions in accord with the standards and practices of their professional fields and within a reasonable degree of scientific certainty. These experts will be able to assist the jury in explaining the medical condition of Mrs. Soto as a result of the accident and, in the case of Dr. Miranda-Grajales, the cost of her future care. These are issues which are beyond common knowledge and appropriate for their expert testimony. FED. R. EVID. 702.

## II. ARGUMENT AND AUTHORITIES

### A. Prima Facia Case for Admissibility of Plaintiffs' Experts Testimony

The qualifications of Janyna Mercado, Ph.D. and Hector Miranda-Grajales, M.D. are not in question. Their curricula vitae have been provided to Defendants and are include herein. *See* Ex. 1 & 2. They are qualified to testify in their relevant fields. They have been provided and reviewed all of the information noted in their reports which are included herein. *See* Ex. 3 & 4. Moreover, they have both independently met with, examined and evaluated Mrs. Soto. Their opinions are helpful to the jury and relevant to the issues to be decided.

### B. Applicable Law

In regards to expert testimony, FEDERAL RULE OF EVIDENCE 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702. FEDERAL RULE OF EVIDENCE 704 explains that such testimony is not objectionable simply "because it embraces an ultimate issue." FED. R. EVID. 704(a).

Under the FEDERAL RULES OF EVIDENCE, the trial court must ensure that any and all testimony or evidence is not only relevant, but reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); see also *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir.2003) (expert testimony is admissible if the proponent demonstrates the expert is qualified, and the evidence is both relevant to the case and reliable). Evidence is relevant when it will assist the trial of fact. *Daubert*, 509 U.S. at 589.

Reliability, on the other hand, "depends on whether the reasoning or methodology underlying the testimony can be properly applied to the facts in issue. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002).

In *Daubert*, the Supreme Court found that "[t]he primary locus of this obligation is RULE 702, which clearly contemplates some degree of regulation of the subjects and

theories about which an expert may testify." *Daubert*, 509 U.S. at 589. *Daubert* outlined four non-exclusive factors for trial courts to consider in determining the reliability of a particular scientific theory or technique: testing, peer review, error rates and acceptability in the relevant scientific community. *Id.* at 593-94.

Subsequently, the Supreme Court expanded the *Daubert* "gatekeeping" obligation of the trial court to apply not only to testimony based on "scientific" knowledge, but also "technical" and "other specialized" knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141, 147-48 (1999). The trial judge's effort to assure that the specialized testimony is reliable and relevant can help the jury evaluate some experience at issue in the trial that is foreign to their own. *Kumho Tire Co.*, 526 U.S. at 148-49 (noting that "the expert's testimony often will rest 'upon an experience confessedly foreign in kind to [the jury's] own'"). The Supreme Court stated that *Daubert's* list of specific factors neither necessarily nor exclusively apply to every case; instead, trial courts enjoy "broad latitude" when deciding how to determine reliability. *Id.* at 151-53. The gatekeeping function must be tied to the particular facts of the case. *Id.*, 526 U.S. at 149-51. The overarching subject of a *Daubert* inquiry is the "validity and thus evidentiary relevance and reliability of the principles that underlie a proposed submission." *Tanner v. Westbrook*, 174 F.3d 542, 546 (5th Cir. 1999).

However, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC–8, Inc. v. Hurel–Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir.2003); *Maiz v. Virani*, 253 F.3d 641, 666 (11th Cir.2001) ("A district court's gatekeeper role under *Daubert* 'is not intended to supplant the adversary system or the role of the jury.'") (internal quotes omitted). Instead, "'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596).

**C.     Defendants' Challenge to the Testimony of Dr. Mercado is Improper**

Defendants' challenge to the testimony of Dr. Mercado because she did not review the emergency room medical records of Mrs. Soto. Defendants argue that such an omission is contrary the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5)* and renders all of Dr. Mercado's examination, testing analysis and opinions unreliable.

The clearest indication that Defendants' challenge to the testimony of Dr. is improper is contained within the very reference upon which Defendants supposedly

rely, the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5)*. The DSM-5 specifically warns:

> [T]he use of DSM-5 should be informed by an awareness of the risks and limitations of its use in forensic settings. **When DSM-5 categories, criteria and textual descriptions are employed for forensic purposes there is a risk that diagnostic information will be misused or misunderstood.** These dangers arise because of an imperfect fit between the questions of ultimate concern to the law and the information contained in a clinical diagnosis. . . . Use of the DSM-5 to assess for the presence of a medical disorder by nonclinical, nonmedical, or otherwise insufficiently trained individuals is not advised.

*Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5)*, 2013 at p. 25, emphasis added. This warning is to be expected given how the DSM-5 instructs its use:

> The case formulation for any given patient must involve a careful clinical history and concise summary of the social, psychological, and biological factors that may have contributed to developing a given mental disorder. **Hence, it is not sufficient to simply check off the symptoms in the diagnostic criteria to make a mental disorder diagnosis.** Although a systematic check for the presence of these criteria as they apply to each patient will assure a more reliable assessment, **the relative severity and valence of individual criteria and their contribution to a diagnosis require clinical judgment.** The symptoms in our diagnosternal and external stresses that are generally in a homeostatic balance without a disruption in normal functioning. **It requires clinical training to recognize when the combination of predisposing, precipitating, perpetuating, and protective factors has resulted in a psychopathological condition in which physical signs and symptoms exceed normal ranges. The ultimate goal of clinical case formulation is to use available contextual and diagnostic information in developing a comprehensive treatment plan that is informed by the individual's cultural and social context.**

*Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5)*, 2013 at p. 19, emphasis added.

Defendants' quietly ignore that Dr. Mercado met with, examined, and administered a battery of scientifically accepted and peer reviewed tests with Mrs. Soto prior to reaching her opinions. Defendants' focus on one "check off," and seek to replace the judgment of the scientifically trained clinician with their own. They attempt to convince this Court to use the DSM-5 in precisely the manner which the DSM-5 instructs it is not to be used. Such a contention is improper. Defendants do not challenge Dr. Mercado's qualifications as a neuropsychologist but have only demonstrated exactly the type of vigorous cross examination and presentation of contrary evidence courts contemplate in these circumstances. *Quiet Tech. DC-8, Inc.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). Defendants' motion as it relates to Dr. Mercado, and the attendant testimony of Dr. Miranda-Grajales, should be denied.

**D.  Defendants' Challenge Regarding the Cost of Future Surgery is Improper**

Certainly there is nothing in Defendants' challenge of Dr. Miranda-Grajales' opinions that would require excluding his testimony. There are undoubtedly questions regarding future events in any case but Dr. Miranda-Grajales' opinions regarding the cost of future medical treatment are appropriate and supported by the authority of Texas

law. As stated before, FEDERAL RULE OF EVIDENCE 704 explains that such testimony is not objectionable simply "because it embraces an ultimate issue." FED. R. EVID. 704(a). Here, Dr. Miranda-Grajales correctly calculates the cost of the future surgery and renders an opinion as to the future economic loss. Such testimony is appropriate.

In Texas, "the jury [generally has broad] discretion to award damages within the range of evidence presented at trial." *Gulf States Utils., Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002); *Bundick v. Weller*, 705 S.W.2d 777, 783 (Tex. App.—San Antonio 1986, no writ). To that end, a court must be mindful that there is no certain standard to measure personal injury damages, and each case must stand on its own facts and circumstances. See *Baptist Mem'l Hosp. Sys. v. Smith*, 822 S.W.2d 67, 79 (Tex. App.—San Antonio 1991, writ denied). "Juries cannot simply pick a number and put it in the blank." See *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996). A court has a "'duty to exercise sound judicial judgment and discretion in the ascertainment of what constitutes reasonable compensation for the injuries suffered.'" *Smith*, 822 S.W.2d at 79. In assessing personal injury damages, the jury has wide latitude in determining the amount of the award. *Tagle v. Galvan*, 155 S.W.3d 510, 518 (Tex. App.—San Antonio 2004, no pet.); *Sw. Tex. Coors, Inc. v. Morales*, 948 S.W.2d 948, 951 (Tex. App.—San Antonio 1997, no writ).

Texas follows the "reasonable probability" rule for future damage for personal injuries. See *City of San Antonio v. Vela*, 762 S.W.2d 314, 320 (Tex. App.—San Antonio 1988, writ denied); *Tagle*, 155 S.W.3d at 519. The plaintiff must show there is a reasonable probability that such medical expenses will be incurred in the future. *Whole Foods Market Sw., L.P. v. Tijerina*, 979 S.W.2d 768, 781 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). An award of future medical expenses is a matter primarily for the trier of fact to determine, and no precise evidence is required. *Vela*, 762 S.W.2d at 321; *Whole Foods*, 979 S.W.2d at 781. The trier of fact may base its award on the nature of the injuries, the medical care rendered before trial, and the condition of the injured party at the time of trial. *Vela*, 762 S.W.2d at 321. In order to "sustain a finding on future medical expenses, the plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded on 'reasonable medical probability.'" *Id*.

In this case, Dr. Miranda-Grajales analyzed the evidence, and applied his professional experience, education and training to the facts at issue in formulating his opinions regarding damages related to this case. His analysis is relevant, reliable and will assist the jury in evaluating evidence that will likely be foreign to them.

WHEREFORE, PREMISES, ARGUMENTS, AND AUTHORITIES CONSIDERED, Plaintiffs pray that this motion to exclude the opinions of Dr. Mercado and Dr. Miranda-Grajales be wholly denied, further praying for such other and further relief as is just or appropriate under the circumstances.

Respectfully submitted,

**GENE TOSCANO, INC.**
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 210/735.4167

BY: /s/ E. David Martinez, III
E. DAVID MARTINEZ, III
Federal (S. Dist. Tex.)
Bar No. 3014900
emartinez@genetoscano.com

ATTORNEYS FOR PLAINTIFFS
ESMERALDA SOTO AND
ELIGIO ORTIZ, JR.

## CERTIFICATE OF SERVICE

I certify that on this **December 18, 2020**, a true and correct copy of the foregoing has been forwarded to the following known counsel of record via the CM/ECF system which will send notification of such filing to:

William L. Pope, Esq.
pope@adamsgraham.com
**ADAMS & GRAHAM, L.L.P.**
134 East Van Buren, Suite 301
Post Office Drawer 1429
Harlingen, Texas 78551
Telephone: 956/428.7495
Telecopier: 956/428.2954
**ATTORNEYS FOR DEFENDANT**

 /s/ 
 **E. DAVID MARTINEZ III**